IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-03943-CNS

KEVIN YOHANDRI MARQUEZ RICO,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora ICE Processing Center,
ROBERT HAGAN, in his official capacity as Field Office Director of the Aurora Field Office of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement,
TODD M. LYONS, in his official capacity as Acting Director, Immigration and Customs Enforcement,
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security, and
PAMELA JO BONDI, in her official capacity as Attorney General of the United States,

    Defendants.

## ORDER

Before the Court is Petitioner Kevin Yohandri Marquez Rico's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. ECF No. 1. As the briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge, *see* 28 U.S.C. § 2243, and, for the reasons outlined below, the Court GRANTS the petition. In doing so, the Court presumes familiarity with the parties' briefing. *See* ECF Nos. 1, 8.

## I.  BACKGROUND

This case presents a factual background and legal posture similar to cases recently considered by this Court. Petitioner is a native and citizen of Venezuela, ECF No. 8-1 ¶ 4, and arrived in the United States in May 2022, ECF *id.* ¶ 5. Not long after his arrival, United States Customs and Border Patrol (CPB) detained Petitioner pursuant to 8 U.S.C. § 1225(b), *id.* ¶ 7, but released him on parole shortly thereafter, *id.* ¶ 8.

On November 10, 2022, United States Immigration and Customs Enforcement (ICE) issued a Notice to Appear (NTA) initiating Petitioner's removal proceedings and charging him with being inadmissible to the United States pursuant to 8 U.S.C. 1182(a)(6)(A)(i). *Id.* ¶ 9. On the same day, an Immigration Judge (IJ) released Petitioner on his own recognizance pursuant to 8 U.S.C § 1226, *see* ECF No., 1-2 at 7—the same statutory authority Petitioner now seeks to invoke.

On September 24, 2025, ICE arrested Petitioner and detained him pursuant to § 1225(b)(2)(A). ECF No. 8-1 ¶ 18. Petitioner is currently held in the ICE Denver Contract Detention Facility in Aurora, Colorado. ECF No. 1 ¶ 7. While in detention, Petitioner appeared before an IJ for a custody redetermination hearing. ECF No. 8-1 ¶ 21. At the hearing, the IJ concluded that he did not have jurisdiction to redetermine Petitioner's custody status. *Id.* Petitioner then filed this petition seeking habeas relief and requesting that the Court an order either immediately releasing him or requiring that Respondents provide Petitioner with a bond hearing withing seven days. ECF No. 1 at 17.

## II.     LEGAL STANDARD

District courts may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III.    ANALYSIS

As noted above, the legal issues presented here have been recently litigated before and decided by this Court, as well as many other courts across the country. These cases concern noncitizens like Petitioner who, despite living in the United States for over two years, are being held in immigration-related detention and denied bond hearings following the government's recent reinterpretation of 8 U.S.C. §§ 1225, 1226 of the Immigration and Nationality Act (INA). The arguments raised here echo nearly identical arguments rejected by courts across the country and in this judicial district.[1]

As in other cases, Respondents here argue that Petitioner's requested relief should be denied because he is properly detained under § 1225(b)(2)(A)'s mandatory

---

[1] *Compare* ECF Nos. 1, 8 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D. Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Nava Hernandez v. Baltazar, et al.*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltasar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Moya Pineda v. Baltasar, et al.*, No. 1:25-cv-2955-GPG, ECF No. 21 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

detention provision as an "applicant for admission" to the United States. ECF No. 14 at 1–2. However, Respondents' arguments do nothing to persuade the Court to deviate from its prior determination that § 1225(b)(2)(A) and its mandatory detention requirement do not apply to noncitizens, like Petitioner, who have been present in the United States for over two years. *See, e.g.*, *Nava Hernandez*, 2025 WL 2996643, at *4 ("the plain text and structure of § 1225 and § 1226 support a determination that § 1225(b)(2)(A)'s provision for mandatory detention does not apply to someone like [Petitioner], who has been residing the United States for more than two years") (quotations and citations omitted). The Court thus accepts in full its reasoning outlined in *Nava Hernandez* and adopts it here. *See generally id.*; *see also Espinoza Ruiz*, 2025 WL 3294762, at *2 (discussing "the proper application of §§ 1225 and 1226" as articulated by the Supreme Court in *Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

Accordingly, the Court grants Petitioner's requested relief on his first claim and orders that Respondents provide Petitioner with a bond hearing pursuant to § 1226(a) no later than December 24, 2025, at which time the government will bear the burden of proving that Petitioner is flight risk or a danger to the community such that his continued detention is justified. Because the Court's ruling affords Petitioner the relief he seeks, the Court need not address Petitioner's remaining arguments at this time. *See Loa Caballero*, 2025 WL 2977650, at *8 (declining to rule on petitioner's remaining claims after granting petitioner all relief sought under § 1226(a)); *Guerrero Orellana v. Moniz*, --- F. Supp. 3d ----, 2025 WL 2809996, at *3 (D. Mass. Oct. 3, 2025) (declining to address petitioner's due process and APA arguments after finding in petitioner's favor on statutory claim).

## IV.  CONCLUSION

For the reasons discussed above, the Court GRANTS Petitioner's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, ECF No. 1. Respondents are ordered to either (1) provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within SEVEN DAYS (on or before December 24, 2025), at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk; or (2) in the alternative, immediately release Petitioner from custody under reasonable conditions of supervision. Respondents are also ordered to file a status report within NINE DAYS of this order to certify compliance. The status report shall state if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED this 16th day of December 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge